**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RUSSELL E. JONES                          *
                                          *
                        Plaintiff         *
                                          *
V.                                        *
                                          *       NO: 4:13CV583  SWW
FAULKNER COUNTY, ARKANSAS,                *
ET AL.                                    *
                                          *
                        Defendants        *
                                          *
                                          *
                                          *

## OPINION AND ORDER

Russell E. Jones ("Jones") brings this action pursuant to 42 U.S.C. § 1983 against

Faulkner County, Arkansas (the "County") and County officers, sued in their individual and

official capacities, alleging that he received inadequate medical care during his detention at the

County Jail.  Jones also brings supplemental claims pursuant to state law.  Before the Court is

Defendants' motion for summary judgment (ECF Nos. 9, 10, 11), Jones's response in opposition

(ECF Nos. 13, 14, 15), and Defendants' reply (ECF No. 16).  Also before the Court is Jones's

motion to amend (ECF No. 17), Defendants' response in opposition (ECF No. 18), and Jones's

reply (ECF No. 19).  After careful consideration, and for reasons that follow, Defendants'

motion for summary judgment is granted, and Jones's motion to amend is denied.  Jones's claims

brought pursuant to § 1983 are dismissed with prejudice, and his state law claims are dismissed

without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**I**.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial.  Id. at 587.  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are taken from the complaint.[1]  On October 12, 2012, at approximately 10:35 p.m., Jones was driving home from a high school reunion, when he was pulled over by officer Matthew Hugen ("Hugen"), who suspected that Jones was intoxicated.[2]  Jones informed Hugen that he suffered from epilepsy and took prescription medicine to prevent

---

[1]The same facts are alleged in Jones's proposed amended complaint.

[2]Matthew Hugen is not named as a defendant, and Jones does not claim the traffic stop was unlawful.

seizures, and he handed his prescribed medications to Hugen.

After the traffic stop, Jones was transported to the Faulkner County Jail, where he was detained for three days and three nights.  He alleges that during his detention, he told "deputies" that he suffered from epilepsy and that it was imperative that he take his prescribed medications to prevent seizures.  Jones reports that he repeatedly requested his medication, and he gave "deputies" the name of his physician so that jail officials could confirm that he needed his medicine, but  "Defendants" refused to contact his pharmacy or his doctor and refused to give him his medicine.  Jones further alleges that he suffered multiple seizures, including a convulsive seizure on October 14, 2012, and that "Defendants" responded by placing him a restraint chair.

On October 15, 2012, while Jones was still in custody and restrained in a wheelchair, he appeared before a judge.  He alleges that the trauma of repeated seizures left bruises and lacerations on his head and body, and his friend, who was present in the courtroom, noticed his injuries and took him to a hospital for treatment.  Jones alleges that physicians confirmed that he had suffered repeated seizures that caused injuries, which would have been prevented if he had taken his anti-seizure medicine during his three-day detention.

### III.

On October 4, 2013, Jones filed this action pursuant to 42 U.S.C. § 1983.  In his complaint, Jones identifies four defendants: the County; Andy Shock ("Shock"), the Faulkner County Sheriff; and John Randall ("Randall") and Lloyd Vincent ("Vincent"), officers of the Faulkner County Sheriff's Department.  Jones also lists ten John or Jane Doe defendants, and he seeks leave to file an amended complaint that identifies the Doe defendants by name.  Jones sues each defendant individually and in his or her official capacity, and he charges that they failed to

provide him constitutionally adequate medical care during his detention at the County Jail.

Jones also brings supplemental, state law claims.

The named and identified defendants, who have been served in this case, move for summary judgment.   Shock, Randall, and Vincent assert that they are entitled to qualified immunity with respect to Jones's individual-capacity claims, brought pursuant to § 1983, and the County asserts that Jones is unable to come forward with evidence of an unconstitutional County policy, custom, or usage necessary to impose liability under § 1983.

### 42 U.S.C. § 1983 - Individual-Capacity Claims

Qualified immunity shields government employees acting within the scope of their duties from suit so long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would know."   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Two questions guide the determination of whether a defendant is entitled to qualified immunity as to claims brought against him in his individual capacity.   The first is whether the facts, viewed in a light most favorable to the plaintiff, show that the defendant's conduct violated a federal constitutional or statutory right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a constitutional right has not been violated, the defendant is entitled to qualified immunity, and the claim against him cannot proceed.  *See id.*  If, however, a constitutional right may have been violated, the Court must inquire whether the right was clearly established. *Id.*

The "deliberate indifference" standard governs Jones's inadequate medical care claims.

To prevail, Jones must prove that (1) he had objectively serious medical needs; and (2) jail

officials subjectively knew of, but deliberately disregarded, those serious needs.[3]  *Farmer v.*

*Brennan*, 511 U.S. 825 (1994); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Moreover, negligence, gross negligence, or a mere disagreement with the treatment decisions

does not rise to the level of a constitutional violation.  *Gibson v. Weber*, 433 F.3d 642, 646 (8th

Cir. 2006); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

Jones claims that Shock, Randall, and Vincent failed to provide him adequate medical

care during his detention, but he does not allege that the individual defendants were aware of his

need for medical treatment or that they were personally involved in the alleged failure to provide

him adequate medical care, which is necessary to state a viable claim for relief.  *See Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978); *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir.

2001)(explaining that there is no *respondeat superior* liability in § 1983 actions and that prison

officials can only be held liable for their direct participation in a constitutional violation).

Furthermore, each defendant has come forward with evidence that he had no involvement with

Jones's medical care.  The evidence shows that Shock was not working at the sheriff's office in

October 2012, when Jones was detained, and Vincent and Randall both testify that they were not

personally involved with Jones's medical care or treatment.  *See* ECF Nos. 11-1, 11-2, 11-3.

Jones apparently seeks to hold the individual defendants liable under a failure-to-train or

failure-to-supervise theory.  However, supervisory liability arises only where the supervisor had

---

[3] An inadequate medical care claim based on the conditions of confinement of a pretrial detainee is governed by the  Fourteenth Amendment's Due Process Clause, while the same claim brought by a convicted prisoner is governed by the Eighth Amendment.  In  the absence of a clearly established Fourteenth Amendment standard, the Eighth Circuit has applied the Eighth Amendment's deliberate indifference standard to determine whether jail officials have failed to provide adequate medical care to pretrial detainees.  *Hott v. Hennepin County,* 260 F.3d 901, 905 (8th Cir. 2001); *Davis v. Hall,* 992 F.2d 151, 153 (8th Cir. 1993).

notice that training procedures and supervision were inadequate and likely to result in a constitutional violation.  *See Tlamka v. Serrell*,  244 F.3d 628, 635 (8th Cir. 2001)(quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996).  Jones fails to allege any facts indicating that the individual defendants were on notice that poor training or supervision of jail employees was likely to result in the underlying deprivation of adequate medical care, and Defendants have come forward with evidence that at the time in question, the County employed a medical staff and a board-certified physician for the purpose of providing medical care to detainees. Defendants also present evidence that the jail employees received training with respect to detainee medical care and emergency medical procedures, and they were subject to comprehensive policies and procedures governing detainee medical care.  The record is void of evidence to support individual liability under failure to train or supervise theory, and the Court finds that Shock, Vincent, and Randall are entitled to qualified immunity.

### 42 U.S.C. § 1983 - Official-Capacity Claims – Claims against County

Jones's official-capacity claims against the individual defendants and his claims against the County are one in the same.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Jones alleges that prior to his detention, "the Faulkner County Jail developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the jail, which caused the violation of [his] rights."  Compl., ¶ 15.  Specifically, Jones claims that it was the policy or custom of the County to fail to exercise reasonable care in the hiring and training of detention officers.

It is well settled that a plaintiff may establish municipal or county liability under § 1983 by proving that his constitutional rights were violated by an action pursuant to official policy or

misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law." *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998)(quoting *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978)).[4]   In order to show the existence of a policy that violated his right to adequate medical care, a plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the [County] official who has final authority regarding such matters." *Jenkins v. County of Hennepin, Minn.* 557 F.3d 628, 633 (8th Cir. 2009)(quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). A plaintiff must also show that the policy was unconstitutional and that it was "the moving force" behind the harm that he suffered.  *Id.*

Defendants have come forward with evidence that the County maintained policies and procedures at the time in question, designed to promote adequate medical care for detainees, that required training for jail employees.  Jones, on the other hand, fails to allege or come forward with any facts showing an officially accepted County policy or procedure that allowed inadequate screening, training, or supervision of jail employees.  Nor has he come forward with evidence that the County had a custom of failing to properly screen, train, or supervise jail

---

[4]"Official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.'" *Kuha v. City of Minnetonka* 365 F.3d 590, 604 (8th Cir. 2003)(citing *Jane Doe A v. Special Sch. Dist.,* 901 F.2d 642, 645 (8th Cir.1990)).  "Alternatively, 'custom or usage' is demonstrated by: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) [an injury] by acts pursuant to the governmental entity's custom, i.e., [proof] that the custom was the moving force behind the constitutional violation."  *Id.* (citing *Harris v. City of Pagedale,* 821 F.2d 499, 504-07 (8th Cir.1987)).

employees.[5]  The Court finds no evidence to support Jones's claim against the County, thus the County is entitled to judgment in its favor.

### Supplemental State Law Claims

Because the Court finds no issues for trial with respect to claims over which it has original jurisdiction, those claims will be dismissed with prejudice, and the Court will dismiss Jones's supplemental state law claims, without prejudice.   *See* 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . . ").

### IV.

After Defendants filed their motion for summary judgment, Jones filed a motion seeking leave to file an amended complaint that identifies nine of the Doe Defendants.  Even assuming that Jones can show good cause for failing to follow the Court's scheduling order and failing to serve the Doe Defendants within the 120-day time period prescribed under Fed. R. Civ. P. 4(m) of the Federal Rules of Civil Procedure, the Court finds that the motion to amend must be denied.[6]

---

[5]To establish County liability under a failure-to-train theory, Jones must prove the failure to train in a relevant respect demonstrated a "deliberate indifference" to his constitutional rights. *City of Canton v. Harris,* 489 U.S. 378, 389 (1989);*Larson v. Miller,* 76 F.3d 1446, 1454 (8th Cir.1996).  To show deliberate indifference, Jones must prove that the County  "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Larson,* 76 F.3d at 1454 (citation omitted).  Notice may be implied when (1) the failure to train is so likely to result in a constitutional violation that the need for training is patently obvious  or (2) a pattern of misconduct indicates that the current training is insufficient to protect citizens' constitutional rights.  *Id.*

[6]Defendants object to the proposed amended pleaded on the ground that it comes after the Court's deadline for motions to amend pleadings.  Defendants also argue that Jones cannot satisfy the "relation-back rule."  The relation back provision is relevant here only if Jones's

Permission to file an amended complaint may be denied when the proposed amendment would be futile. *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999). Denial of a motion for leave to amend on the basis of futility is proper only if the court finds that the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)6). *See Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). Like the original complaint, the proposed amended complaint is void of any allegations regarding specific conduct on the part of particular defendants. The conclusory allegations set forth in the proposed amended complaint simply do not permit the court to infer more than the mere possibility of misconduct. "If it appears from the complaint, including its reasonable inferences, that there is no causal connection between the alleged deprivations and the challenged conduct, the complaint may properly be dismissed for failure to state a claim." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)(citing *Hampton v. Mouser*, 701 F.2d 766, 767 n. 2 (8th Cir. 1983)(summarily affirming district court's dismissal of section 1983 complaint for failure to state a claim where allegations failed to show that the defendant's conduct was the cause of plaintiff's injury). The motion to amend is denied on the ground of futility.

---

proposed claims would be time barred under the applicable statute of limitations. The events giving rise to Jones's claims occurred in October 2012, thus Jones's § 1983 claims fall well within the statute of limitations. *See Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991)(noting that the forum state's statute of limitations for personal injury actions serves as the statute of limitations for claims brought pursuant to § 1983 and that Arkansas's statute of limitations for personal injury actions is three years).

**V.**

For the reasons stated, Defendants' motion for summary judgment (ECF No. 9) is

GRANTED, and Plaintiff's claims arising under federal law are DISMISSED WITH

PREJUDICE.  Plaintiff's supplemental state law claims are DISMISSED WITHOUT

PREJUDICE.  Pursuant to the judgment entered together with this order, this action is

DISMISSED IN  ITS ENTIRETY.

IT IS SO ORDERED THIS 20TH DAY OF OCTOBER, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE