IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL E. JONES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:13CV583 SWW |
| FAULKNER COUNTY, ARKANSAS, | * | |
| ET AL. | * | |
| | * | |
| Defendants | * | |

**ORDER**

Russell E. Jones ("Jones") filed this action pursuant to 42 U.S.C. § 1983, alleging that he was denied medical care during his three-day detention at the Faulkner County Detention Center ("FCDC") in October 2012. Now before the Court is a motion for judgment on the pleadings by separate defendants Nancy Bryant, Lance Culberson, and Billy Kelly [ECF Nos. 92 & 93] and Jones's response in opposition [ECF Nos. 94 & 95]. After careful consideration, and for reasons that follow, the motion is granted and all claims against the movants are dismissed with prejudice. Additionally, all claims against absent defendants Pamela Carter, Katoya Douglas, Zachary Gibbs, Uniece Jackson, Charles Myers, and Megan Waters are dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**I.**

Jones alleges that during his detention at the FCDC, from October 12 through 15, 2012, deputies and jail personnel refused his repeated requests for anti-seizure medication, which caused him to experience convulsive seizures and suffer physical injuries. Jones further alleges that some of the named defendants forcefully strapped him to a restraint chair while he was

experiencing seizures, which inflicted additional injuries. Jones charges that the refusal to provide him medical care amounted to deliberate indifference to his serious medical needs, in violation of his constitutional rights, and that strapping him to a restraint chair amounted to battery. Jones also claims that several of the named defendants breached their employment contracts by failing to protect his health and welfare.

The procedural history of this case, detailed in a previous order,[1] is circuitous. With his original complaint, filed October 4, 2013, Jones identified four defendants by name, and he also listed John Does I-X. Jones's attorney certified, pursuant to Ark. Code. Ann. § 16-56-125,[2] that John Does I-X were then unknown, but proper, defendants.[3] Subsequently, the named defendants moved for summary judgment, and Jones sought leave to file an amended complaint that removed all "John Does" from the list of defendants and identified by name seven of the

---

[1] ECF No. 81.

[2] Arkansas Code § 16-56-125 provides:

(a) For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.

(b)(1) The name of the unknown tortfeasor shall be designated by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc.

    (2) Upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name.

(c) It shall be necessary for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply

Ark. Code Ann. § 16-56-125.

[3] ECF No. 1, Attach. Aff.

John Does I-X listed in the original complaint.[4] In support of his motion to amend, Jones stated:

> Following partial discovery, Plaintiff was able to ascertain the identity of other individuals responsible for his injuries and said individuals should be made a party to this action. Plaintiff had listed the individuals as John Does in the original complaint and Plaintiff it now able to specifically name the individuals and serve them with a copy of the complaint. None of the parties will be prejudiced by the amendment of the complaint since opposing counsel, which represents all the Defendants, was fully aware of the names of each individual involved in the alleged incident herein.[5]

The Court granted the motion for summary judgment and denied Jones's motion to amend. Jones appealed, and the Eighth Circuit affirmed in part and reversed in part. The Eighth Circuit agreed that the defendants identified and named in the original complaint were entitled to summary judgment in their favor. However, the Court of Appeals concluded that this Court erred in denying leave to amend, and it remanded with instructions to allow Jones to amend his complaint "as to" the John Doe defendants that Jones had identified in his proposed amended complaint. *Jones v. Faulkner Cty.*, 609 F. App'x 898, 900 (8th Cir. 2015).

After remand, Jones filed a first amended complaint, naming nine defendants: The named defendants listed in the original complaint, *who had been dismissed from the case*; the John Doe defendants that Jones had previously identified with his proposed amended complaint; and two new defendants, Matthew Hugen, and Jim Barnett.[6] Defendants filed a motion to dismiss the previously dismissed defendants and associated claims, and the Court granted the motion and instructed Jones to file a second amended complaint, which reflected the true status and law of this case.

---

[4]ECF 17-1 (Proposed Amended Complaint). The John Doe defendants identified in the proposed pleading were Dr. Garry Stewart, Laurie Gillette, Angela Carter, David Stone, Kimberly Guillory, Michael Tharp, and John Ross Bryan.

[5]ECF No. 17, ¶¶ 1-2.

[6]*See* ECF No. 34.

On April 20, 2016, Jones filed a second amended complaint that named seventeen defendants.[7] Nine of the seventeen defendants had never been named a defendant in a previous pleading or listed as a Doe Defendant: Nancy Bryant ("Bryant"), Pamela Carter ("Carter"), Lance Culberson ("Culberson"), Katoya Douglas ("Douglas"), Zachary Gibbs ("Gibbs"), Uniece Jackson ("Jackson"), Billy Kelly ("Kelly"), Charles Myers ("Myers"), and Megan Waters ("Waters").

By order entered October 27, 2016, the Court noted that Jones had yet to serve the aforementioned nine defendants as required under Fed. R. Civ. P. 4(m), and the Court directed him to either effect service within fourteen days or file a motion showing good cause for an extension of time for service. The Court advised Jones that failure to comply with the order would result in dismissal without prejudice of all claims against the absent defendants. Subsequently, Jones filed proof of service for three of the nine defendants: Bryant, Culberson, and Kelly. With the second amended complaint, Jones alleged that these defendants were deliberately indifferent to his serious medical needs in violation of the constitution. He also charged Culberson and Kelly with the tort of battery and breach of employment contracts.

## II.

Bryant, Culberson, and Kelly move for dismissal of all claims against them on the ground that they are time-barred. Under Arkansas law, the statute of limitations for battery is one year. *See* Ark. Code Ann. § 16-56-104. Jones alleges that the battery occurred, at the latest, on October 15, 2012, and he did not file the second amended complaint naming Culberson and Kelly until April 20, 2016, well after the one-year statute of limitations period had expired.

Jones's claims pursuant to § 1983 were also filed beyond the applicable limitations

---

[7]ECF No. 63.

period. The forum state's statute of limitations for personal injury actions serves as the statute of limitations for claims brought pursuant to § 1983, and in Arkansas, the statute of limitations for personal injury actions is three years. *See Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Jones sues the movants for alleged unconstitutional violations that occurred during the period October 12 through 15, 2012, and he brought the claims approximately six months after the three-year statute of limitations period had expired.

Jones proposes that because he listed John Doe defendants I-X in the original complaint, his claims against Bryant, Culberson, and Kelly relate back to the filing of the original complaint. An amended pleading identifying a defendant by name will "relate back" to a previously filed complaint against a "John Doe" defendant only when the conditions set forth in Rule 15(c) are satisfied. *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001)(citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 467 (2d Cir.1995), *modified*, 74 F.3d 1366 (2d Cir.1996)). Those conditions are as follows:

> An amendment which 'changes the party or the naming of the party against whom a claim is asserted' relates back if (1) 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out– in the original pleading'; (2) 'the party to be brought in by the amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits'; (3) that party 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity'; and (4) the second and third of these requirements were met 'within the period provided by Rule 4(m) for serving the summons and complaint.'

*Lee v. Airgas Mid-S., Inc*., 793 F.3d 894, 897 (8th Cir. 2015)(quoting Fed.R.Civ.P. 15(c)(1)(B),(C)). The Court finds that Jones fails to make the showing required to satisfy the second and third requirements. To fulfill the notice requirement, the linchpin of Rule 15(c), Jones must show that Bryant, Culberson, and Kelly received notice of this lawsuit within the

required time frame: 120 days after the filing of the original complaint, which fell on February 3, 2014. *See Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015)("Rule 15(c)(1)(C) imposes an independent requirement for relation back, not satisfied here, that the newly added defendant must have had notice of the suit within 120 days of filing the original complaint.").[8] In an effort to make this showing, Jones argues that the movants knew or should have known of this lawsuit because such knowledge was common "in and around" the FCDC, and "as employees and workers in and around the Detention Center, they would have knowledge of the lawsuit."[9]

The Court cannot presume that the movants had notice of this lawsuit merely because they are FCDC employees. *See Bennett v. Spaight*, 327 Ark. 446, 455, 277 S.W.3rd 182, 189 (2008)(holding that plaintiff failed to show notice for relation-back purposes where John Doe defendant, the son of the named defendant, lived in the same residence where service of the original complaint was carried out). Furthermore, courts have imputed notice of the existence of a lawsuit when there is sufficient identity of interests between the original and new parties, but such parties must be so closely related in their activities that the institution of an action against one serves to provide notice of the litigation of the other. *See Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1012 (8th Cir. 1991)(recognizing but not applying identity of interest doctrine)(citing *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th

---

[8] The Eighth Circuit has observed: "Were Rule 15(c)(1)(C) to reset its 120-day requirement every time a defendant is added, its notice requirement would be a practical nullity with the plaintiff's existing obligation under Rule 4(m) to serve the new defendant within 120 days of the amended complaint (which would notify him of the lawsuit)." *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015).

[9] ECF No. 95, at 3.

Cir.1984). The Court finds no authority holding that employees of the same employer have a sufficient nexus of interest with coworkers such that notice given to one can be imputed to another.

Even assuming that the movants did receive notice of the action within the required time frame, Jones presents no facts showing that they knew or had reason to know that they would have been named as defendants but for a mistake, and Jones's actions taken after he commenced this lawsuit would indicate otherwise. *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 540, 130 S. Ct. 2485, 2488 (2010)(noting that Rule 15(c)(1)(C) permits a court to examine a plaintiff's conduct to the extent that it informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity). Well after the 120-day service period expired, Jones filed a motion to amend and reported that he had ascertained the identity of individuals listed as John Doe defendants in the original complaint. Jones also eliminated all John Doe defendants from the proposed amended complaint and all subsequent pleadings.

In sum, the Court finds that Jones's battery and § 1983 claims against Bryant, Culberson, and Kelly are time-barred, and that the second amended complaint does not relate back to the original with respect to these defendants. Furthermore, as explained in a previous order entered October 27, 2016, Jones's breach of contract claims are subject to a three-year statute of limitations, and Jones cannot satisfy the relation-back requirement because, in addition to lack of notice, his breach-of-contract claims did not arise out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original complaint.[10] Accordingly, Jones's claims

---

[10]ECF No. 81, at 6-7.

against Bryant, Culberson, and Kelly must be dismissed as time-barred.

As an alternative argument, the movants assert that the claims against them are subject to dismissal because Jones failed to effect service of process within the time frame required under Rule 4(m). The Court *sua sponte* gave Jones up to and including fourteen days from October 27, 2016 in which to serve the movants and six additional defendants, all named for the first time in the second amended complaint. Jones served the movants on November 8, 2016, within the Court's deadline, thus dismissal based on untimely service is not warranted. However, Jones has not served the remaining six defendants, nor has he filed a motion showing good cause for an extension of time for service. Accordingly, the claims against the absent defendants will be dismissed without prejudice.

### III.

IT IS THEREFORE ORDERED that the motion to dismiss [ECF No. 92] filed by separate defendants Nancy Bryant, Lance Culberson, and Billy Kelly is GRANTED, and all claims against these separate defendants are dismissed with prejudice because they are time-barred.

IT IS FURTHER ORDERED that all claims against absent defendants Pamela Carter, Katoya Douglas, Zachary Gibbs, Uniece Jackson, Charles Myers, and Megan Waters are dismissed WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED THIS 10TH DAY OF JANUARY, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE